UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARK W. CHARCALLA | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | ) CASE NO.: 1:24-cv-140-HAB-SLC |
| | ) |
| DIRECTOR OF CIVIL RIGHTS DIVISION, U.S. DEPARTMENT OF JUSTICE, An agency of the U.S. Government, | ) ) ) ) |
| | ) |
|     **Defendants,** | ) |
| | ) |

## OPINION AND ORDER

Plaintiff, Mark Charcalla ("Charcalla"), proceeding pro se, challenges the decision of the United States Department of Justice ("DOJ") denying Charcalla's request for representation under the Uniformed Services and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301, *et seq.*, and its predecessor statute, the Veterans Reemployment Rights Act of 1974 ("VRRA"). (ECF No. 1). Charcalla also moves to preliminarily enjoin the DOJ from denying his request and seeks a hearing. (ECF Nos. 3, 10).

This is Charcalla's second bite of the apple. Charcalla requested representation against General Electric Transportation Systems ("GE"), his former employer, because he was laid off in 1986. In 2015, Charcalla filed suit in this forum, making the same factual allegations against the same parties, and this Court dismissed his case because (1) sovereign immunity barred his claim and (2) the Administrative Procedure Act ("APA") does not cover the DOJ's representation decisions. *Charcalla v. Director of Civil Rights Division, Dep't of Justice* ("*Charcalla* I"), Case No. 1:14-cv-14, 2015 WL 4715019 (N.D. Ind. Aug. 7, 2015). The Government thus moves to

1

dismiss Charcalla's claim for the same reasons, adding that his claim is precluded under res judicata.

The Government's Motion (ECF No. 8) is fully briefed (ECF Nos. 9, 11, 12) and is ripe for ruling. As the Court has already told Charcalla, his claim lacks merit. Defendant's Motion for a Preliminary Injunction (ECF No. 3) and his Motion for a Hearing (ECF No. 10) will be DENIED. The Government's Motion to Dismiss will be GRANTED.

**I.      Standard or Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). Typically, a court may not consider matters outside the pleadings unless the court treats the motion as one for summary judgment. Fed. R. Civ. P. 12(d). But a court, in deciding a motion under Rule 12(b)(6), may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned. *See Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012); *Adkins v. VIM Recycling, Inc.,* 644 F.3d 483, 492–93 (7th Cir. 2011); *Daugherty Speedway, Inc. v. Freeland*, 520 F. Supp. 3d 1070, 1075 (N.D. Ind. Feb. 17, 2021).

**II.     Factual Background**

The Court summarized the facts here in its prior Order that dismissed Charcalla's claims:

> Charcalla is a "service connected disabled veteran" seeking benefits authorized under the VRRA. Upon returning from military duty, Charcalla was reemployed by his former employer under the VRRA, but was laid off after nine weeks. Sometime "[l]ater, [Charcalla] learned that a company can not [sic] do this until the veteran has had 1 full year of employment." In 2009, he filed a claim against his former employer with the Department of Labor, and escalated it to the DOJ

> for enforcement. The DOJ refused to represent Charcalla in his [USERRA] claim against his former employer. In 2011, Charcalla filed a pro se complaint asserting USERRA claims against his former employer, which was subsequently dismissed. Charcalla allegedly contacted several government officials and agencies, including the Department of Veterans Affairs and the Office of Special Counsel, seeking representation under the VRRA, to no avail. In September 2012, a deputy director of the Civil Rights Division allegedly told Charcalla that the DOJ would not authorize his representation "as a matter of established policy." In April 2013, the Office of the Inspector General's Investigations Division reviewed Charcalla's allegations of misconduct by the DOJ, and determined that it did not have jurisdiction.

*Charcalla* I, 2015 WL 4715019, at *4-5 (cleaned up). Those facts remain unchanged. The Court dismissed Charcalla's case because the doctrine of sovereign immunity barred his claim and there was no right to challenge the DOJ's discretionary decision under the APA. *Id.* at *9-19. Indeed, nothing has changed but the passage of time.

### III. Discussion

The Government moves to dismiss this case for the same reasons. The Court need not hoe the same row. That work has already been done. *See Charcalla* I, 2015 WL 4715019. Charcalla does not assert any new claims or facts for this Court to gnaw on. The doctrine of res judicata, or claim preclusion, thus bars his case because the Court entered a final judgment on the merits in its 2015 Order that dismissed his case against the DOJ the first time. Charcalla cannot now pursue the same cause of action after receiving a full and fair opportunity to litigate the matter.

"If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp.*, 590 U.S. 405, 412 (2020) (internal quotation and citations omitted). "The doctrine of res judicata or claim preclusion is premised on the idea that, when a claim has been fully litigated and come to

3

judgment on the merits, finality trumps." *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011) (internal quotation and citation omitted). "Res judicata is considered a rule of fundamental and substantial justice because it encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Smith v. City of Chicago*, 820 F.2d 916, 917 (7th Cir. 1987) (internal quotations and citations omitted).

Res judicata applies, when three essential elements exist: "(1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or privies in the two suits." *Id.* All the elements are met here.

Starting with "a final judgment on the merits in an earlier action." *Id.* In *Charcalla* I, Charcalla alleged that GE violated the VRRA when it laid him off after employing him for only nine weeks after he returned from military duty. 2015 WL 4715019, at *2. Charcalla sought a writ of mandamus compelling the DOJ to represent him in his VRRA claim against GE. *Id.* Defendants moved to dismiss Charcalla's claim for failure to state a claim upon which relief can be granted. *Id.* The Court granted Defendants' motion to dismiss because (1) the DOJ did not waive sovereign immunity and (2) the APA was inapplicable. *Id.* A dismissal "for failure to state a claim upon which relief could be granted [is a] judgment on the merits and constitute[s] a res judicata bar" to subsequent lawsuits. *Cannon v. Loyola Univ. of Chicago*, 784 F.2d 777, 779 (7th Cir. 1986); *See also Brownback v. King*, 590 U.S. 209, 213, 216-17 (2021) ("a ruling under [Fed. R. Civ. P.] 12(b)(6) concerns the merits"). Charcalla did not appeal this Court's 2015 judgment. *See Wade v. Hopper*, 993 F.2d 1246, 1252 (7th Cir. 1993) (holding that res judicata precludes parties from challenging a court's decision in a collateral proceeding after failing to appeal the initial decision). This Court's 2015 Judgment was on the merits.

As for the second element, Charcalla's cause of action today is the same as his cause of

4

action in *Charcalla* I. Two cases present the same cause of action if they are based on the same factual allegations or have the same theory of recovery. *Wade*, 993 F.2d at 1252. In both *Charcalla* I and this case, Charcalla alleges that DOJ denied Charcalla's USERRA representation request in 2009. 2015 WL 4715019, at *2. In both cases, Charcalla requested that the Court enjoin the DOJ from denying his representation request in his USERRA and VRRA claims against GE. *Id.* Today, Charcalla pleads no new facts and pursues the same theory of recovery as that of *Charcalla* I. The Government thus succeeds on the second element.

Lastly, *Charcalla* I and this case have the same parties. *See Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011) (requiring a showing that both the earlier and later suits have "the same litigants"). Mark W. Charcalla is the plaintiff in *Charcalla* I and this case. 2015 WL 4715019. Charcalla named the Director of Civil Rights Division, U.S. Department of Justice, and an Agency of the U.S. government in both cases. *Id.* All parties here are the same as all parties in *Charcalla* I, and the final element is satisfied.

Because Charcalla "advances the same claim as [*Charcalla* I] between the same parties, [*Charcalla* I's] judgment prevents litigation of all grounds" now asserted. The Court's 2015 judgment on the merits is binding. Charcalla's case must therefore be dismissed.

### IV.   Conclusion

For these reasons, Defendant's Motion to Dismiss (ECF No. 8) is GRANTED. Charcalla's Motion for a Preliminary Injunction (ECF No. 3) and Motion for a Hearing (ECF No. 10) are DENIED.

SO ORDERED on August 9, 2024.

      s/ *Holly A. Brady*
      CHIEF JUDGE HOLLY A. BRADY

UNITED STATES DISTRICT COURT

6